Matter of Hamling (2023 NY Slip Op 00368)

Matter of Hamling

2023 NY Slip Op 00368

Decided on January 26, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023

PM-11-23
[*1]In the Matter of Jerry Ray Hamling, a Suspended Attorney. (Attorney Registration No. 5381405.)

Calendar Date:August 8, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Sarah Diane McShea, New York City (Sarah Diane McShea of counsel), for respondent.

Motion by respondent (1) pursuant to CPLR 2221 (d) for leave to reargue the prior motion by the Attorney Grievance Committee for the Third Judicial Department for an order imposing discipline upon respondent upon his conviction of a serious crime, and (2) pursuant to CPLR 5602 for leave to appeal to the Court of Appeals from the June 9, 2022 order of this Court (Matter of Hamling, 206 AD3d 1219 [3d Dept 2022]).
Now, upon reading and filing the affidavit of respondent sworn to June 28, 2022 and the affirmation with exhibit of Sarah Diane McShea dated June 28, 2022, and upon reading and filing the affirmation in opposition with exhibits of Michael K. Creaser dated August 4, 2022, and upon due deliberation, it is hereby
ORDERED that respondent's motion is granted to the extent that this Court's Memorandum and Order on Motion decided and entered June 9, 2022 (206 AD3d 1219 [2022]) is hereby vacated in its entirety; and it is further
ORDERED that respondent's conviction of falsifying business records in the second degree is determined to constitute a serious crime within the meaning of Judiciary Law § 90 (4) (d); and it is further
ORDERED that, pursuant to Judiciary Law § 90 (4) (f), respondent is suspended from the practice of law, effective nunc pro tunc to June 9, 2022, and until further order of this Court; and it is further
ORDERED that, for the period of the suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent is deemed in compliance with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys as a consequence of the affidavit of compliance sworn to July 10, 2022 and filed with this Court July 15, 2022 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that the issues of mitigation, aggravation and the sanction to be imposed upon respondent's conviction of a serious crime shall be referred, by separate order, to a Referee to take testimony and report his or her findings thereon to this Court pursuant to Judiciary Law § 90 (4) (h) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (2) (iii).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.