Matter of Serber (2023 NY Slip Op 00872)

Matter of Serber

2023 NY Slip Op 00872

Decided on February 15, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2021-02026 

[*1]In the Matter of Marcie A. Serber, admitted as Marcie Ann Serber, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Marcie A. Serber, respondent. (Attorney Registration No. 2209567)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 27, 1988, under the name Marcie Ann Serber. By decision and order on motion dated September 13, 2021, inter alia, the respondent was immediately suspended from the practice of law, pursuant to Judiciary Law § 90(4)(f), as a result of her conviction of a serious crime, and the respondent was directed to show cause at a hearing pursuant to 22 NYCRR 1240.12(c)(2)(iv) before the Honorable Sandra L. Sgroi, as Special Referee, why a final order of suspension, censure, or disbarment should not be made based on her conviction of a serious crime.

Catherine A. Sheridan, Hauppauge, NY (Rona I. Kugler of counsel), for petitioner.
Arnold N. Kriss, New York, NY (Barry M. Kamins of counsel), for respondent.

PER CURIAM.

OPINION & ORDER
After a prehearing conference on September 22, 2021, and a hearing on October 27, 2021, the Special Referee filed a report dated December 15, 2021, setting forth her findings and concluding that the respondent had not demonstrated why a final order of suspension, censure, or disbarment should not be made. The respondent now moves to confirm the Special Referee's report and argues that a censure is an appropriate measure of discipline to be imposed by this Court, or in the alternative, a short period of suspension with credit for the time she has been suspended. In response, the Grievance Committee for the Tenth Judicial District requests that this Court grant the motion, confirm the Special Referee's report, and impose such discipline upon the respondent as the Court deems just and proper.
Criminal Conviction 
On or about October 27, 2020, the respondent was charged in the Criminal Court of the City of New York, New York County, with one count of grand larceny in the third degree, in violation of Penal Law § 155.35(1), a class D felony, and one count of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35(1), a class E felony. As reflected in the criminal charges, from April 6, 2017, through November 26, 2019, the respondent was the General Counsel for the Civil Service Commission (hereinafter CSC) with an office located at 1 Centre Street in New York County. On 30 different dates from April 6, 2017, through November [*2]26, 2019, the respondent submitted 29 timesheets stating that she was physically present at her CSC office and worked when she did not in fact go to the CSC office. She filed the timesheets electronically and certified that they "correctly represent[ ] [her] attendance and activities for the week indicated." On 26 of the 30 dates, the respondent sent either an email or a text message to her CSC colleagues advising that she would be out of the office, but she claimed on her timesheets that she had worked that day. According to the commissioner of the CSC, the respondent did not have permission or authority to work from home. The amount stolen in wages for those 30 dates (based on hours claimed and her pay rate) was determined to be $15,054.81.
On October 27, 2020, the respondent was convicted, upon a plea of guilty, in the Criminal Court of the City of New York, New York County, before the Honorable Jay Weiner, of offering a false instrument for filing in the second degree, in violation of Penal Law § 175.30, a class A misdemeanor. The respondent admitted that on December 2, 2019, she submitted a timesheet that she knew was false and that she knew it would be filed in the records of the public office.
On November 2, 2020, the respondent was sentenced, in the Criminal Court of the City of New York, New York County, before the Honorable Herbert J. Moses, to an unconditional discharge, and was ordered to pay the sum of $250 in surcharges and fees. Additionally, the respondent paid restitution in the amount of $15,054.81, which satisfied a condition of the plea.
Findings and Conclusion 
We find that the Special Referee properly concluded that the respondent failed to meet her burden of establishing why this Court should not issue a final order of public discipline. In view of the evidence adduced, the respondent's motion to confirm the report of the Special Referee is granted.
The respondent testified that when confronted by an assistant district attorney with the Manhattan District Attorney's Office with the allegation that she had filed false timesheets, she immediately admitted everything. She explained that the misconduct occurred during a period when she was experiencing various severe and chronic health issues which made her commute to her office difficult. The respondent admitted that during the period from April 6, 2017, through November 26, 2019, she submitted false timesheets, but while she was not physically in her office, the respondent claimed that she had worked from home. During cross-examination, the respondent admitted that, formerly, in her role as a government attorney, she had investigated employees who had falsified documents to government agencies.
In determining an appropriate measure of discipline to impose, we have considered in mitigation, the respondent's unblemished disciplinary record; expressed remorse; admission of wrongdoing; evidence of her good character; and her cooperation with the Grievance Committee. In aggravation, we have considered that the respondent's misconduct occurred in her capacity as a public servant. As a result of her misconduct, the respondent violated the public's trust, which lessens public confidence in the legal profession. We have also considered, in aggravation, the respondent's substantial experience in law, particularly in government service including her past experience investigating fraud and corruption for the City of New York; and that her conduct was not isolated in that she submitted false timesheets over the span of approximately 30 months.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants her suspension from the practice of law for a period of three years, effective immediately, with credit for the time elapsed under the interim order of suspension of this Court dated September 13, 2021.
LASALLE, P.J., DILLON, DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ORDERED that the respondent's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Marcie A. Serber, admitted as Marcie Ann Serber, a suspended attorney, is suspended from the practice of law for a period of three years, with credit for the time the respondent has already served under the interim suspension imposed by this Court by decision and order on motion dated September 13, 2021, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 13, 2024. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension she (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the [*3]conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Marcie A. Serber, admitted as Marcie Ann Serber, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Marcie A. Serber, admitted as Marcie Ann Serber, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Marcie A. Serber, admitted as Marcie Ann Serber, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court