Matter of Hamling (2023 NY Slip Op 06792)

Matter of Hamling

2023 NY Slip Op 06792

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

PM-286-23
[*1]In the Matter of Jerry Ray Hamling, a Suspended Attorney. (Attorney Registration No. 5381405.)

Calendar Date:November 20, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Sarah Diane McShea, New York City (Sarah Diane McShea of counsel), for respondent.

Per Curiam.
Respondent is a Michigan attorney admitted to that state's bar in 1985 who was later admitted to practice by this Court in 2015. In June 2020, respondent pleaded guilty to the class A misdemeanor of falsifying business records in the second degree (Penal Law § 175.05) in satisfaction of an indictment against him in New York County, and he was thereafter sentenced to a one-year conditional discharge. We later granted the motion of Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) seeking to impose discipline upon respondent on the basis that his conviction was for a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and, as a result, respondent was suspended from practice for a one-year term by June 2022 order (Matter of Hamling, 206 AD3d 1219 [3d Dept 2022]). Respondent moved for reconsideration, and/or leave to appeal to the Court of Appeals, and we partially granted respondent's motion, vacated our June 2022 order, suspended respondent from practice on an interim basis and referred the matter to a Referee for hearing and report as to the penalty to be imposed (Matter of Hamling, 212 AD3d 1077 [3d Dept 2023]). A hearing was held before a Referee concerning issues of mitigation, aggravation and the sanction to be imposed and the Referee's report was thereafter filed with the Court. As such, AGC's motion is now ripe for final disposition and the parties have been heard as to the Referee's report and the sanction to be imposed.
Having already determined that respondent's conviction constitutes a serious crime within the meaning of Judiciary Law § 90 (4) (d) (Matter of Hamling, 212 AD3d at 1077), our only remaining obligation concerning this matter is the imposition of a disciplinary sanction, and we therefore turn our attention to the Referee's report, as well as the mitigating and aggravating factors cited by the parties in their submissions regarding the Referee's report. The Referee found that, as the sole owner and chief operating officer of a Michigan-based payroll processing company, Affinity Human Resources, LLC, respondent failed to report an omission in an application for workers' compensation coverage submitted to the New York State Insurance Fund by one of Affinity's construction company clients. Following an audit by state authorities, respondent, Affinity and some of its clients were indicted on criminal charges, which ultimately resulted in respondent's criminal plea and sentence of one-year conditional discharge. The Referee found that such testimony appeared to indicate an act of omission, but noted that respondent's plea allocution — wherein he admitted to directing Affinity's employees to omit certain information in the application before the Fund — signaled an act of commission and his active participation in a scheme to defraud the Fund. The Referee further cited respondent's testimony as to the remorse he feels for his conduct, but nonetheless noted the seriousness of respondent's conduct[*2]. The discrepancies in respondent's hearing testimony as compared to his plea allocution are further highlighted in his submissions to the Court, wherein he attempts to characterize his direction of employees as a failure to ensure that the application before the Fund and Affinity's internal records were correct, as opposed to an overt act. While we note that a hearing as to mitigation and aggravation would naturally allow an attorney to provide context as to past events, we nonetheless find that respondent's inconsistent testimony about his culpability should be construed as a lack of remorse in aggravation (see Matter of Selterman, 66 AD3d 74, 79 [1st Dept 2009]).
Similarly, the Referee concluded that respondent complied with the terms of his probation, a factor to be considered in mitigation. However, evidence produced at the hearing and respondent's testimony indicated that he did not formally satisfy the condition requiring him to divest his interest in Affinity, in which he was sole owner at the time of the criminal plea, although he further indicated that Affinity's business was largely wound up within a year of the plea. The Referee's report also found, and the hearing testimony established, additional aggravating factors, including respondent's substantial experience in the practice of law and his engagement in illegal criminal conduct (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [i], [k]). As to mitigating factors, the hearing testimony, as found by the Referee, included respondent's lack of a prior disciplinary record (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a]) and a lack of proof that his criminal conduct caused financial harm to Affinity's clients. Similarly, the Referee also credited the testimony of respondent's character witnesses and further found that respondent had cooperated with the instant disciplinary proceeding (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [e], [g]).
While respondent seeks a "minimal" suspension as recommended by the Referee, respondent's testimony, which we construe as an attempt to minimize his criminal culpability, largely serves as an aggravating factor in the imposition of a disciplinary sanction (see Matter of Selterman, 66 AD3d at 79). Even construing respondent's testimony as remorseful and an admission of his wrongdoing, as well as the other mitigating factors cited by respondent, his lengthy testimony revealed his sophistication in the payroll services industry (see generally Matter of Serber, 213 AD3d 68, 71 [2d Dept 2023]). Given this, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we suspend respondent for a period of two years, with the suspension commencing on June 9, 2022. Furthermore, any future application by respondent for his reinstatement in this state shall include [*3]proof that he is in good standing in Michigan.
ORDERED that respondent is suspended from the practice of law for a period of two years, effective nunc pro tunc to June 9, 2022, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.